IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| Katie Van Buren and Bret VanDepolder, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | Jury Demanded |
| Historic Images, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT
FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COME NOW** Plaintiffs Katie Van Buren and Bret VanDepolder (hereinafter, "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through counsel, and for their Complaint against Defendant Historic Images, Inc. (hereinafter, "Historic Images" or "Defendant"), state and allege as follows:

## NATURE OF THE COMPLAINT

1. Plaintiffs bring this action against Historic Images under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Plaintiffs bring this action, on behalf of themselves and all others similarly situated, against Historic Images for unpaid wages, overtime compensation, and related penalties and damages.

3. Historic Images' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

4. For said violations, Plaintiffs seek declaratory relief; unpaid back wages, overtime

1

premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiffs Katie Van Buren and Bret VanDepolder are adult residents of Flagstaff, Coconino County, Arizona.

6. Plaintiffs and those similarly situated were or are employees of Defendant for FLSA purposes.

7. Prospective members of this collective action are those current and former non-exempt employees of Historic Images who were not paid at least the federal minimum wage for all hours worked and overtime wages for hours worked over 40 in a workweek.

8. Upon information and belief, Defendant Historic Images, Inc. is a Tennessee-based corporation, and may be reached for service through its registered agent, Chris Galbreath, 6073 Mount Moriah Road Ext, Ste 10, Memphis Tennessee 38115-2666.

9. At all relevant times complained of herein, Defendant was an employer under 29 U.S.C. § 203(e)(1).

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

11. Defendant is a legal entity incorporated in the State of Tennessee, is subject to service of process in Tennessee, and does business in the state of Tennessee. Therefore, this Court has personal jurisdiction over Defendant.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32

part of the events giving rise to Plaintiffs' claims occurred in this District.

## REPRESENTATIVE ACTION ALLEGATIONS

13. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as Image Cataloging Specialists for the last three years from the commencement of this action, and who were not paid at least the federal minimum wage for all hours worked and/or were not paid at least one and one half times the regular rate of pay for all work performed in excess of forty hours per week.

14. This Complaint may be brought and maintained as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), for all claims asserted by Plaintiffs because their claims are similar to collective action members or putative collection action members.

15. Plaintiffs and putative collective action members are similarly situated because they worked as Image Cataloging Specialists, were misclassified as independent contractors and were subject to Defendant's common practice, policy or plan of failing to pay at least the federal minimum wage for all hours worked and overtime wages for all hours worked over 40 in a workweek.

## FACTUAL BACKGROUND

16. Plaintiff Katie Van Buren was hired by Historic Images on or about April 10, 2017 and worked for the company until July 10, 2020 as an Image Cataloging Specialist.

17. Plaintiff Bret VanDepolder was hired by Historic Images on or about April 24, 2017 and worked for the company until July 10, 2020 as an Image Cataloging Specialist.

18. The basic job duties of Plaintiffs and those similarly situated included logging onto the Historic Images proprietary website to copy articles, with the date, credit and photographer

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32

associated with historic newspaper photos.

19. Plaintiffs and those similarly situated were also responsible for assigning categories and creating titles, keeping within the 63-character constraints imposed by Historic Images.

20. The work of Plaintiffs and those similarly situated was constantly reviewed and critiqued, and they were trained to complete the task following the strict specifications of Historic Images.

21. When submitting photographs, the work of Plaintiffs and those similarly situated was carefully reviewed by Historic Images and if a photograph was accepted, Plaintiffs were paid $0.33.

22. If the photograph was not accepted, Plaintiffs and those similarly situated would have to correct the photograph before moving on to any new tasks.

23. Historic Images controlled the order the photos were worked on as well as how many images were in the work queue of the Image Cataloging Specialists.

24. Plaintiffs worked well over 40 hours per week while working for Historic Images but made on average less than $200 per week, well under the federal minimum wage.

25. When Historic Images discovered Plaintiffs had outsourced certain portions of their work, their positions with Historic Images was terminated.

26. Although Defendant classified and paid Plaintiffs and those similarly situated as independent contractors, their job duties and working condition do not comport with the accepted definition of the term "independent contractor."

27. The cataloging services rendered by Plaintiffs and those similarly situated were integral to Defendant's principal business, which is the sale of vintage photography.

28. Plaintiffs and those similarly situated were hired by Defendant for an indefinite period rather than for a fixed period and for the completion of a discrete project.

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32

29. While Plaintiffs and those similarly situated used their own basic laptop computers to complete their work, no special investment in facilities and equipment was required to perform their responsibilities for Defendant.

30. Plaintiffs and those similarly situated performed cataloging work exclusively for Defendant using Defendant's proprietary website.

31. Plaintiffs and those similarly situated did not conduct themselves as an independent business, had no significant business expenses, and thus bore no risk of loss.

32. Plaintiffs and those similarly situated did not, and were not expected to by Defendant, exercise initiative, judgment, or foresight in open market competition with others.

33. Historic Images had the power to hire and fire Plaintiffs and those similarly situated.

34. Historic Images failed and refused to pay Plaintiffs and those similarly situated the federal minimum wage for all hours worked.

35. Historic Images failed and refused to pay Plaintiffs and those similarly situated overtime premiums for all hours worked over forty in any given workweek.

36. Historic Images knew or should have known Plaintiffs and those similarly situated were being paid less than the federal minimum wage, as required under the Fair Labor Standards Act.

37. Historic Images knew or should have known Plaintiffs and those similarly situated had worked and recorded overtime hours but were not being paid an overtime premium as required under the Fair Labor Standards Act.

38. Despite its knowledge, Historic Images willfully failed to pay Plaintiffs and those similarly situated the minimum wage for all hours worked and overtime pay for every hour worked over forty in a workweek.

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

39. Plaintiffs reallege and incorporate all allegations above as if actually set forth herein.

40. At all relevant times, Historic Images was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203.

41. At all relevant times, Historic Images employed Plaintiffs and those similarly situated.

42. At all relevant times, Historic Images had gross annual operating revenues in excess of Five Hundred Thousand Dollars and 00/100 cents ($500,000.00).

43. The FLSA requires each covered employer, such as Historic Images, to compensate all non-exempt employees at a rate of not less than the federal minimum wage for all hours worked.

44. The FLSA requires each covered employer, such as Historic Images, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

45. Historic Images willfully failed and refused to pay Plaintiffs and those similarly situated the federal minimum wage for all hours worked throughout the time in which they were employed by Historic Images.

46. Historic Images willfully failed and refused to pay Plaintiffs and those similarly situated overtime premiums for all hours worked over forty in any given workweek throughout the time in which they were employed by Historic Images.

47. Historic Images willfully failed to pay Plaintiffs and those similarly situated overtime pay

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32

for every hour worked in a workweek throughout the time in which they were employed by Historic Images.

48. As a result of Historic Images' failure to compensate Plaintiffs and those similarly situated at a rate of not less than the federal minimum wage for all hours worked and not less than one and one-half times the regular rate of pay for all work performed in excess of forty hours in a work week, Historic Images has violated, and continues to violate, the FLSA, including 29 U.S.C. § 207(a)(1) and § 206(a).

49. The foregoing conduct, as alleged, constitutes willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

50. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Katie Van Buren and Bret VanDepolder and those similarly situated pray for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;
2. Pre-judgment interest, as provided by law;
3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;
4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;
5. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the

pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

6. Designation of Plaintiffs Katie Van Buren and Bret VanDepolder as Representative Plaintiff of the putative members of the FLSA representative action; and

7. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

Respectfully submitted,

 s/Philip Oliphant
Alan G. Crone, TN Bar No. 014285
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
acrone@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32

## DECLARATION AND VERIFICATION

I, **Katie Van Buren,** verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Katie VanBuren*
**Katie Van Buren**

Date: 12 / 21 / 2020

I, **Bret VanDepolder**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendant, but in sincerity and truth for the causes mentioned in the Complaint.

*Bret Lee VanDePolder*
**Bret VanDepolder**

Date: 12 / 21 / 2020

9

Doc ID: 0a11214ad25cb7e744d72fdaee90555fe4918f32



# Audit Trail

| | |
|---|---|
| **TITLE** | Van Buren & VanDePolder - Complaint for review/verification |
| **FILE NAME** | Van Buren - FLSA ... be verified).pdf |
| **DOCUMENT ID** | 0a11214ad25cb7e744d72fdaee90555fe4918f32 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

## Document History

**SENT**
**12 / 21 / 2020**
09:47:48 UTC-6

Sent for signature to Katie Van Buren (katie.vanburen14@gmail.com) and Bret VanDePolder (bretlee.vandepolder@gmail.com) from jlc@cronelawfirmplc.com
IP: 96.84.128.62

**VIEWED**
**12 / 21 / 2020**
10:06:31 UTC-6

Viewed by Katie Van Buren (katie.vanburen14@gmail.com)
IP: 174.237.134.49

**VIEWED**
**12 / 21 / 2020**
13:49:36 UTC-6

Viewed by Bret VanDePolder (bretlee.vandepolder@gmail.com)
IP: 174.237.8.61

**SIGNED**
**12 / 21 / 2020**
13:51:56 UTC-6

Signed by Bret VanDePolder (bretlee.vandepolder@gmail.com)
IP: 174.237.8.61

**SIGNED**
**12 / 21 / 2020**
13:53:02 UTC-6

Signed by Katie Van Buren (katie.vanburen14@gmail.com)
IP: 174.237.134.49

**COMPLETED**
**12 / 21 / 2020**
13:53:02 UTC-6

The document has been completed.

Powered by HELLOSIGN