**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

KATIE VAN BUREN and
BRET VANDEPOLDER,

      Plaintiffs,

v.                                                           No. 2:20-cv-02917-MSN-cgc

HISTORIC IMAGES, INC.,
et al.,

      Defendant.

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION TO CONDITIONALLY**
**CERTIFY COLLECTIVE ACTION**
**AND**
**ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO CONDITIONALLY**
**CERTIFY COLLECTIVE ACTION**

Before the Court is Plaintiffs' Motion to Conditionally Certify Collective Action, Equitably Toll the Statute of Limitations, and Facilitate Notice to Potential Class Members, docketed May 21, 2021,  (ECF No. 20) ("Motion"), and Plaintiffs' Unopposed Motion to Conditionally Certify Collective Action, Equitably Toll the Statute of Limitations, and Facilitate Notice to Potential Collective Members.  (ECF No. 38) ("Unopposed Motion".)   For the following reasons, Plaintiffs' Motion is **DENIED AS MOOT** and Plaintiffs' Unopposed Motion is **GRANTED**.

## BACKGROUND

### A.  Background Facts[1]

Defendant Historic Images retained Plaintiffs Katie Van Buren and Bret VanDepolder ("Plaintiffs") as image cataloging specialists on or about April 10, 2017, and April 24, 2017,

---

[1] The Court recites these facts to contextualize the Motion, (ECF No. 20), nothing more.

respectively, until July 10, 2020.  (ECF No. 26 at PageID 131; *see* ECF No. 20-1 at PageID 66.)

Plaintiffs explain that their duties involved "logging onto the Historic Images proprietary website

to copy articles, with the date, credit and photographer associated with historic newspaper photos."

(*Id*. at PageID 131.)   Thereafter, they contend, the photos are "reviewed and critiqued" by

Defendants; a specialist would receive thirty-three cents ($0.33) from Historic Images per accepted

photograph.  (*Id*.)  Plaintiffs assert that Defendants failed and refused to pay them and those

similarly situated a salary compliant with the federal minimum wage and denied them certain

overtime premiums; Defendants deny all such allegations.  (ECF No. 38-1 at PageID 208.)

### B.  Procedural Posture

On December 21, 2020, Plaintiffs filed their Complaint against one Defendant, Historic

Images, Inc. ("Historic Images"), alleging violations of the Fair Labor Standards Act ("FLSA")

under 29 U.S.C. 201 *et seq*.  (ECF No. 1.)  After the Court granted Defendant additional time to

file an Answer, (ECF No. 8), Defendant complied on January 29, 2021.  (ECF No. 11.)  Thereafter,

on June 25, 2021, Plaintiffs filed an unopposed Motion to Amend the Complaint, (ECF No. 24),

which the Court granted just four days later.  (ECF No. 24.)   Plaintiffs' Amended Complaint,

(ECF No. 26), docketed June 30, 2021, joined three additional Defendants—namely, Chris

Galbreath, Evelyn Ringman, and James Grant—who serve as managing officers at Historic

Images.  (*Id*. at PageID 131–32; ECF No. 28 at PageID 151.)  As the Amended Complaint makes

clear, this cause arises from a dispute over wages and overtime compensation that Plaintiffs

maintain they should have received but never did.  (*Id*. at PageID 126, 130.)  Defendants filed their

individual Answers to the Amended Complaint on July 21, 2021.  (ECF Nos. 28, 29, 30, 31.)  The

Court did not receive a Reply.

On May 21, 2021, the Court received the Motion and accompanying Memorandum in Support.  (ECF Nos. 20, 21.)  Plaintiffs moved the Court for the following relief: (1) conditional class certification under 29 U.S.C. § 216(b); (2) an Order directing Defendants to produce a list of names, last known addresses, email addresses, and phone numbers for image cataloging specialists employed by Defendants from December 21, 2017 through the present; (3) authorization to send notice with consent to join to potential class members via first class mail; (3) tolling the statute of limitations for the putative class as of the date the lawsuit was filed; (5) any opt-in Plaintiffs' consent forms be deemed "filed" on the date postmarked; (6) authorization to send reminder notice 45 days before the deadline for the end of notice period; and (7) an Order directing Defendants to post notice in an employee-frequented area.  (ECF No. 20 at PageID 62–63.)

The Court received Defendants' Response in opposition to conditional class certification on June 25, 2021, (ECF No. 23), after it granted Historic Images a fourteen-day extension of time to respond.[2]  (*See* ECF Nos. 21, 22.)  Plaintiffs timely filed their Reply on July 2, 2021.  (ECF No. 27.)  On December 30, 2021, Plaintiffs filed an unopposed Motion to Set a Hearing on the Motion, (ECF No. 33), which, for good cause, the Court granted on January 25, 2022.  (ECF No. 33.)  The Parties notified the Court that the Hearing would not be necessary and Plaintiffs' filed the Unupposed Motion on April 13, 2022.  (ECF Nos. 38, 38-1.)

## LEGAL STANDARD

The Fair Labor Standards Act ("FLSA") provides that employees may recover unpaid overtime compensation by collectively suing an employer under certain circumstances.  *See* 29 U.S.C. § 216(b); *see also Hamm v. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 874 (S.D. Ohio 2017).

---

[2] Plaintiffs later joined the additional three Defendants in the Amended Complaint, filed June 30, 2021.  (ECF No. 26.)

The Sixth Circuit has outlined a two-stage approach to frame the analysis for whether a FLSA action may proceed as a collective action. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). "*First*, in what is referred to as the 'initial notice stage,' the Court must determine whether to conditionally certify the collective class and whether notice of the lawsuit should be given to putative class members." *Id.* (quoting *White v. MPW Indus. Servs.*, 236 F.R.D. 363, 366 (E.D. Tenn. 2006)) (emphasis added). To proceed collectively at the initial notice stage, "named plaintiffs must . . . demonstrate that they are 'similarly situated' to the opt-in plaintiffs—the employees they seek to notify and represent." *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 757 (W.D. Tenn. 2011). This initial inquiry generally requires only a "modest factual showing" from the plaintiff and the court's ruling at this stage is "conditional and by no means final." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546–47 (6th Cir. 2006). A court does not resolve factual disputes, decide substantive issues related to the merits of the case, or make credibility determinations at this juncture. *See Roberts v. Corr. Corp. of Am.*, Case No. 3:14-cv-2009, 2015 WL 3905088, at *10 (M.D. Tenn. 2015).

*Second*, a defendant may move to decertify the class if appropriate based on the plaintiff's individual claims, as illuminated during discovery. *See Hamm*, 275 F. Supp. 3d at 874. This stage occurs after "all of the opt-in forms have been received and discovery has concluded." *Comer*, 454 F.3d at 546. At that time, the court applies a more rigorous standard to determine whether the named plaintiffs and opt-in plaintiffs are similarly situated. *Id.* at 547.

## DISCUSSION

The Court must address four issues to resolve Plaintiffs' Motion.[3]   Preliminarily, it considers: (1) whether Plaintiffs have sufficiently defined their purported class at this stage of the litigation, including whether Plaintiffs qualify for FLSA's employee protections.  Should the Court answer this threshold question in the affirmative, it must then consider: (2) form of notice (e.g., language), (3) distribution of notice (e.g., email, addresses, phone, postings), and (4) whether to equitably toll the statute of limitations.

## A.  Defining The Class

### i.   Independent Contractors or Employees

As a preliminary matter, the Court must determine whether Plaintiffs enjoy FLSA protections at all.  Whereas Plaintiffs explain that they work as Historic Images' employees, Defendants submit that Historic Images retained Plaintiffs as independent contractors.  (ECF No. 26 at 130–31; ECF No. 28 at 149; ECF No. 38-1 at PageID 211–12.)  "Independent contractors do not enjoy FLSA protections." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). At this stage, the legal hurdle that Plaintiffs' must surmount is a "fairly lenient" one that requires only a "modest factual showing" that Defendants misclassified Plaintiffs as independent contractors.  *Comer*, 454 F.3d at 547.  The Court notes that "'certification is conditional and by no means final' at the initial notice stage, and a plaintiff must show only that 'his position is similar, not identical, to the positions held by the putative class members' to justify certification." *Burgess*

---

[3] The Court recognizes that the Parties have filed a Unopposed Motion that essentially renders many of the previously raised arguments moot.  (*See* ECF No. 38.)  Nonetheless, in the interest of thoroughness, the Court feels compelled to walk through its analysis step by step to facilitate as much clarity on the record as possible.  As mentioned earlier, and as will be discussed, all relief sought in the Unopposed Motion, minus two minor procedural issues (phone number production and equitable tolling dates), is well taken.

*v. Wesley Fin. Grp., LLC*, No. 3:16-cv-1655, 2017 WL 1021294, at*10 (M.D. Tenn. 2017) (quoting *Comer*, 454 F.3d at 547.)

Here, and as noted by the Parties in their Unopposed Motion, Plaintiffs have cleared this shallow threshold. (ECF No. 38-1 at PageID 210–11.) Indeed, "a rigorous inquiry into the merits of Plaintiff[s'] claims is not necessary at this early juncture." *Ross v. Jack Rabbit Servs., LLC*, Case No. 3:14-cv-00044, 2014 WL 2219236, *9 (W.D. Ky. 2014); *see Neff v. U.S. Xpress, Inc.*, No. 2:10-cv-948, 2013 WL 4479078, at *4 (S.D. Ohio 2013) (explaining that "a court does not address or reach the merits of a misclassification claim at the conditional notice stage"); *see also Harris v. Express Courier Int'l, Inc.*, No. 5:16-cv-05033, 2016 WL 5030371, at *4 (W.D. Ark. 2016) (observing that "requiring Plaintiffs at the certification stage to prove that they were misclassified . . . prematurely delves into the merits of Plaintiffs' claims"). Plaintiffs have made the "modest factual showing" required by law as to why they should enjoy employee status under FLSA. *See Comer*, 454 F.3d at 547. First, Plaintiffs represent that they "usually worked well over 40 hours per week . . . but made on average less than . . . the federal minimum wage." (ECF No. 20-1 at PageID 71.) Second, Historic Images' proprietary website served as the platform for their work. (*Id*.) Finally, the Memorandum in Support of the unopposed Unopposed Motion provides that "the evidence Plaintiffs present[] meets the minimum qualification for conditional certification." (ECF No. 38-1 at PageID 211.) Therefore, the Court finds that Plaintiffs have made a sufficient showing to warrant conditional class certification.[4]

---

[4] Defendants have also mentioned that Plaintiffs admitted to having at times subcontracted their assignments, (ECF No. 23 at PageID 94), because they "outsourced certain portions of their work." (ECF No. 26 at PageID 131.) Plaintiffs replied that subcontracting is "not [an] essential element of Plaintiffs' claims and has no place in any definition of the collective." (ECF No. 27 at PageID 138.) At this stage in the litigation, the Court lacks sufficient information about what duty or duties Plaintiffs "outsourced" and therefore a decision on whether Plaintiffs were in fact independent contractors would be—as other courts have aptly noted—premature here and thus

## B. Similarly Situated

At the initial notice stage, the stage at issue here, plaintiffs who "suffer from a single, FLSA-violating policy" or whose claims are "unified by common theories of defendants' statutory violations" qualify as "similarly situated" under the FLSA. *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 585 (6th Cir. 2009), *abrogated on other grounds by Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016). (*See* ECF No. 38-1 at PageID 212.) This conclusion holds "even if the proofs of these theories are inevitably individualized and distinct." *Id.* "Similarly situated persons are permitted to 'opt into' the suit . . ." to form a collective action. *Comer*, 454 F.3d at 545. To prevail on a motion for conditional class certification, plaintiffs must make a "modest showing that they are similarly situated to the proposed class of employees." *Lewis v. Huntington Nat. Bank*, 789 F. Supp. 2d 863, 867 (S.D. Ohio 2011). This "fairly lenient" standard "typically results in conditional certification" and the ultimate decision rests with the district court. *Comer*, 454 F.3d at 546–47.

The scope of conditional certification may be limited to certain employees of a defendant if the plaintiff has not provided sufficient evidence of company-wide employment policies. *See Thompson v. Direct Gen. Consumer Prod., Inc.*, No. 3:12-1093, 2014 WL 884494, at *6 (M.D. Tenn. 2014) ("This structure of responsibility suggests that Plaintiffs are similarly situated to putative class members who work or worked for the Defendant entities that employ or employed the named Plaintiffs and individuals who submitted affidavits in support of the motion."); *see also Tyler v. Taco Bell Corp.*, No. 2:15-2084-JPM-cgc, 2016 WL 2344229, at *4 (W.D. Tenn. 2016) (granting plaintiff's motion as to the conditional certification of a class of employees at two Taco Bell stores and denying plaintiff's motion as to nationwide certification.)

---

immaterial to the analysis. *See Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 825 (E.D. Mich. 2009) ("At this first stage of § 216(b) certification . . . the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations.")

The Sixth Circuit instructs district courts that plaintiffs at the conditional certification stage qualify as "similarly situated" under the FLSA when "their claims [are] unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct." *O'Brien*, 575 F.3d at 585.  The *O'Brien* Court found the plaintiffs "similarly situated" because they "articulated . . . common means by which they were allegedly cheated." *Id*.

Here, both Plaintiffs, employed as Image Cataloging Specialists at Historic Images, challenge the same company-wide payment policy—$0.33 per image cataloged—and seek the same remedy in the Amended Complaint.  (ECF No. 26 at PageID 135–36.)  In short, like in *O'Brien*, they identify "common means" for their alleged FLSA violations, namely that Historic Images did not pay *them both* the federal minimum wage and denied *them both* proper overtime compensation.  **Accordingly, the *putative class* in this matter extends only to those "image cataloging specialists who worked for Historic Images within the time period from December 21, 2017 to present."**  (ECF No. 38-1 at PageID 214.)  Therefore, the Court finds that, at this early juncture and based on the Unopposed Motion, Plaintiffs are sufficiently "similarly situated" to one another and others in the putative class described above and **GRANTS** Plaintiffs' Unopposed Motion and **CONDITIONALLY CERTIFIES** the class under 29 U.S.C. § 216(b).

### C.  Notice and Consent Issues

#### i.   *Agreed Forms are Approved*

"The district court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit."  *See Comer*, 454 F.3d at 545–46; *see also Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989).  "Courts have authority to supervise the issuance of notice in FLSA collective actions, with the objective of 'manag[ing] the

process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.'" *Watson v. Advanced Distrib. Servs., LLC*, 298 F.R.D. 558, 565 (M.D. Tenn. 2014) (quoting *Sperling*, 493 U.S. at 170) (alteration in original).   However, "courts must be scrupulous to respect judicial neutrality . . . tak[ing] care to avoid even the appearance of judicial endorsement of the merits of the action." *Sperling*, 493 U.S. at 174.

Here, the Unopposed Motion makes clear that the Parties' disagreement over notice has been resolved.  (ECF No. 38-1 at PageID 213–14.)  Therefore, the Court **ADOPTS** the Parties' Notice, (ECF No. 38-2), Consent, (ECF No. 38-3), and Reminder Notice, (ECF No. 38-3), forms which have been attached as appendices to this Order.

ii.   *Mailing List Information*

Plaintiffs request that Defendants be ordered to produce the (1) names, (2) last known physical addresses, (3) last known email addresses, and (4) last known telephone numbers, for all putative class members retained by Historic Images "from January 2018 to present in the United States."  (ECF No. 20-1 at PageID 73.)  In collective action lawsuits, district courts can require employers to release mailing lists.  *See, e.g.*, *Sperling*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees.").  Defendants do not object.  (ECF No. 38-1 at PageID 216.)

Here, the Court recognizes that telephone numbers are uniquely private.  *See Hall v. Gennett Co. Inc.*, No. 3:19-cv-296-BJB-RSE, 2021 WL 231310, at *5 (W.D. Ky. Jan. 22, 2021) (denying request for phone numbers and last four digits of putative class members' social security numbers noting this information was "more private and sensitive than the rest"); *Cowan v. Nationwide Mutual Ins.,* No. 2:19-cv-1225, 2019 WL 4667497, at *12 (S.D. Ohio Sept. 25, 2019)

(absent a showing that notice via U.S. Mail and email are insufficient, a "request for telephone numbers and social security numbers is duplicative and unnecessarily intrusive to the privacy rights" of the putative class members); *Bradford v. Logan's Roadhouse, Inc.*, 137 F. Supp. 3d 1064, 1080 (M.D. Tenn. 2015) ("The court finds that the plaintiffs have not demonstrated, either by a factual showing or through citation to legal precedent, that it is appropriate or necessary, at this time, to order the disclosure of . . . social security numbers, or telephone numbers.").

Accordingly, Plaintiffs' request is **GRANTED** as to the putative class members' names, last known physical address, last known email address, and dates of employment but is **DENIED** as to putative class members' telephone numbers. Should Plaintiffs later find this information inadequate for notice purposes, they may renew their request for telephone numbers.[5]  *See Hardesty v. Kroger Co.*, No. 1:16-cv-298, 2016 WL 3906236, at *3 (S.D. Ohio 2016) ("In accordance with the case law . . . telephone numbers shall only be produced in the event that Plaintiffs can evidence that both mailing addresses and email have not been successful.") Historic Images is **ORDERED** to provide its mailing list for all putative class members defined above within fourteen (14) days of the entry of this Order.

iii.  *Methods of Notification and Notice Period*

"With respect to FLSA actions, there is 'no one-size-fits all approach to notifying putative class members in lawsuits.'" *Davis v. Colonial Freight Systems, Inc.*, No. 3:16-cv-674-TRM-HBG, 2018 WL 2014548, at *3 (S.D. Ohio 2016) (internal citation omitted). Plaintiffs request that their counsel be allowed to mail and email the proposed notice to the putative class members within ten (10) days after Defendant produces the list to Plaintiffs' Counsel. (ECF No. 38-1 at

---

[5] The Court appreciates that Plaintiffs acknowledge "phone numbers are used solely in the rare instance that attempts to deliver the Notice by U.S. Mail and email prove unsuccessful." (ECF No. 38-1 at PageID 214 n. 2.)

PageID 216.)  Defendants do not object and are even "willing to post the notice in a common area at all physical locations operated by Historic Images."  (ECF No. 23 at PageID 98–99.)

The law recognizes first class mail and email as viable channels for notice in FLSA actions. After all, while first-class mail has often been referred to as the "best notice practicable," recent cases have held that email notification is also appropriate. *Compare Smith v. Generations Healthcare Services LLC*, No. 2:16-cv-807, 2017 WL 2957741, at *6 (S.D. Ohio 2017) ("[E]-mail notice appears to be in line with the current nationwide trend and advances the remedial purpose of the FLSA, because service of the notice by two separate methods increases the likelihood that all potential opt-in plaintiffs will receive notice of the lawsuit." (internal citation and quotation omitted)), *and Phipps v. Chariots of Hire, Inc.*, No. 3:17-cv-97, 2017 WL 4228028, at *4 (E.D. Tenn. 2017) (same), *with Lindberg*, 761 F. Supp. 2d at 765 ("In FLSA cases, first-class mail is generally considered to be the 'best notice practicable' to ensure that proper notice is received by potential class members.").

Therefore, without opposition from Defendants and based on the Unopposed Motion, the Court **GRANTS** Plaintiffs' request that notice may be sent via first class mail and email. Defendant is **DIRECTED** to post the approved Notice "in an employee frequented area at all locations where putative class members work." (ECF No. 38-1 at PageID 216.)  Plaintiffs' Counsel is further authorized to send the approved Reminder Notice on the forty-fifth (45th) day of the Notice Period via regular mail and email.  *See Davis*, 2018 WL 2014548, at *4 ("Consistent with this Court's past practice, the Court finds first-class mail and email are appropriate.") (ECF No. 38-1 at PageID 216.)

### D.  Equitable Tolling and Filing Date

"The FLSA's statute of limitations is subject to equitable tolling."  *David v. Kohler Co.*, No. 2:15-cv-01263, 2017 WL 3865656, at *7 (W.D. Tenn. 2017).  "[D]elays during the collective action certification process constitute 'extraordinary circumstances' beyond plaintiffs' control, making them appropriate for the application of equitable tolling."  *Kutzback v. LMS Intellibound, LLC*, 233 F. Supp. 3d 623, 631 (W.D. Tenn. 2017).  "The propriety of equitable tolling must necessarily be determined on a case-by-case basis."  *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998) (citation omitted). Plaintiffs argue that this Court should toll the statute of limitations for the putative class from the date the Complaint was filed, which was December 21, 2020, until the end of the opt-in period.  (ECF No. 38-1 at PageID 216.)  While the Court agrees with Plaintiffs' request for equitable tolling to begin on December 21, 2020, it cannot agree to extend equitable tolling through the end of the opt-in period for two reasons.  First, the exact date on which the opt-in period will end remains uncertain at this time because the ninety (90) day opt-in period begins on the yet undetermined date when Plaintiffs' Counsel mails the Notice.  Second, the Court is mindful of the Supreme Court's admonition that such equitable relief should be exercised "only sparingly." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Moreover, "[n]othing in this ruling precludes would-be opt-in plaintiffs at a later stage of the litigation from advancing an argument that equitable tolling should apply." *White v. Publix Super Markets, Inc.*, No. 3:14-CV-1189, 2015 WL 6510395, at *1 (M.D. Tenn. 2015); *see also Kutzback v. LMS Intellibound, LLC*, No. 2:13-CV-2767-JT-CGC, 2014 WL 7187006, at *13 (W.D. Tenn. 2014) *report and recommendation adopted*, No. 2:13-CV-2767-JTF, 2015 WL 1393414 (W.D. Tenn. 2015); *Miller v. Jackson*, No. 3:10-1078, 2011 WL 1060737, at *8 (M.D. Tenn. 2011); *Mathews v. ALC Partner, Inc.*, No. 2:08-CV-10636, 2009 WL 2591497, *7 (E.D.

Mich. 2009) ("If and when potential plaintiffs whose claims would otherwise be time barred choose to opt in to the class, they may apprise the Court of their circumstances and individually move for equitable tolling.")  Therefore, the Court **GRANTS** equitable tolling *from the date the Complaint was filed on December 21, 2020 until the date of entry of this Order.  See White*, 2015 WL 6510395, at *18 ("The tolling of the statute of limitations will end on the date of entry of this Order.")  In addition, the Court **GRANTS** Plaintiff's unopposed request that each opt-in plaintiff's consent form be deemed filed on the date it is postmarked.  *See Kohler Co.*, 2017 WL 3865656, at *7 ("[E]ach opt-in Plaintiffs' consent form shall be deemed 'filed' on the date the form is postmarked.")

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' Motion, (ECF No. 20), is **DENIED AS MOOT** and Plaintiffs' Unopposed Motion for Conditional Class Certification, (ECF No. 20), is **GRANTED**.

**IT IS SO ORDERED**, this 23rd day of May 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

13