IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KATIE VAN BUREN, *et al.*,

    Plaintiffs,

v.                                                                   Case No. 2:20-cv-02917-MSN-cgc
                                                                     JURY DEMAND

HISTORIC IMAGES, INC.,

    Defendant.

---

**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR ORDER
APPROVING RESOLUTION OF FLSA CLAIMS**

---

Before the Court is parties' Joint Motion for Settlement Approval, ("Motion," ECF No. 74), filed May 10, 2023. For the reasons set forth below, the Motion is **DENIED WITHOUT PREJUDICE**.

**BACKGROUND**

Plaintiffs Katie Van Buren and Bret VanDepolder ("Plaintiffs") initiated this case on December 21, 2020 against Defendant Historic Images, Inc., which is "an internet purveyor of vintage photography. (*See* ECF No. 1 and ECF No. 74-1 at PageID 335.) The following June, Plaintiffs filed an Amended Complaint joining three additional Defendants and alleging that Plaintiffs had not received all minimum wages and overtime compensation due under the Fair Labor Standards Act ("FLSA"). (*See* ECF No. 26.) Defendants filed their respective answers on July 21, 2021. (ECF Nos. 28, 29, 30, and 31.)

On April 13, 2022, Plaintiffs filed an Unopposed Motion to Conditionally Certify Collective Action, Equitably Toll the Statute of Limitations, and Facilitate Notice to Potential

Collective Members (ECF No. 38). This Court entered an Order Granting Plaintiffs' Motion the following month. (ECF No. 39). After "extensive written discovery" and an unsuccessful attempt at mediation, parties reached a tentative settlement. (ECF No. 74-1 at PageID 336.) On April 10, 2023, Plaintiffs filed a Notice of Settlement, (ECF No. 73), soon followed by the Motion now before the Court. Parties jointly represent that they have negotiated a resolution of Plaintiffs' FLSA claims and move the Court to approve their Confidential Settlement Agreement and Release of Claims ("Agreement") (*see* ECF No. 74-4) and dismiss this matter with prejudice.

## STANDARD OF REVIEW

The FLSA imposes a minimum wage and an overtime wage for several categories of employee. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014).  Several factors inform that determination:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)).

Because an agreement settling a FLSA dispute is considered a "judicial document," it is subject to the presumption of access.  Consequently, many courts have found that "confidentiality provisions in FLSA settlement agreements 'both contravene[] the legislative purpose of the FLSA and undermine[] the Department of Labor's regulatory effort to notify employees of their FLSA rights.'"  *Johnson v. Labtox, LLC*, No. 5:22-019-DCR, 2022 U.S. Dist. LEXIS 198577, at *10 (E.D. Ky. Nov. 1, 2022) (alteration in original) (quoting *Chime v. Family Life Counseling & Psychiatric Servs.*, 2020 U.S. Dist. LEXIS 214765, at *5 (N.D. Ohio Nov. 17, 2020)).  *See also Steele v. Staffmark Invests.*, LLC, 172 F. Supp. 3d 1024, 1031 (W.D. Tenn. 2016); *Thompson v. Deviney Constr. Co.*, No. 2:16-cv-03019-JPM-dkv, 2017 U.S. Dist. LEXIS 231781, at *6 (W.D. Tenn. Dec. 15, 2017).

---

(E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021).

## DISCUSSION

Here, the Agreement contains a section that provides in part:

**IV.
CONFIDENTIALITY BY PLAINTIFFS**

**(a)** As an essential and material consideration to the payment of sums pursuant to this Agreement, Plaintiffs represent and agree that Plaintiffs have not—as of the date of this Agreement, and will not in the future—disclose this Agreement, its terms and conditions, or the settlement amount (i.e., the Consideration or any part thereof) received by Plaintiffs, or allude to any settlement range or description thereof, to any third person, entity, or government organization and that all such matters shall remain strictly confidential and shall not be disclosed or alluded to in any manner, except as provided in subparagraph V(b), *infra*, other than to Plaintiffs' spouse(s) (if any), accountant(s), the IRS, and/or Collective Counsel (the "Authorized Persons").

It is agreed that a breach of these covenants through disclosure to a person to whom disclosure is not permitted shall constitute a breach of this entire Agreement.

. . .

**(b)** Except as noted in subparagraph V(a), *supra*, the only authorized communication by Plaintiffs relating to the settlement of the lawsuit to any third-party, without written approval by the Company, will be the statement that "the matter was resolved."

(ECF No. 74-4 at PageID 356.)[2]  Parties have not filed their proposed Agreement under seal, nor do they ask the Court to do so.  Nonetheless, the confidentiality provision in the Agreement restrains Plaintiffs from discussing the issues raised in this matter with others, and therefore tends to restrict Plaintiffs' ability to engage in protected activity.  *See Chime*, 2020 U.S. Dist. LEXIS 214765, at *10 (quoting *David v. Kohler Co.*, 2019 U.S. Dist. LEXIS 213737, at *5 (W.D. Tenn. Dec. 10, 2019)) ("[C]onfidentiality agreements arguably impair the right of employees to engage in their own protected activity and at the same time advise co-workers about their own rights under the FLSA, both of which run counter to the letter and the spirit of the statute.").  Because the

---

[2] This section's references to "subparagraph V(a)" and "subparagraph V(b)" appear to be typographical errors.  The subparagraphs to which this language refers appear in Section IV.  The Agreement also does not have a subparagraph V, though it does have a subparagraph IV and VI. (*See* ECF No. 74-4.)

4

confidentiality provision in the Agreement, which is likely not permissible, is "essential and material consideration," (ECF No. 74-4 at PageID 356), and since parties have not attempted to otherwise justify its inclusion, the Court **DENIES** the Motion.

## CONCLUSION

For the reasons set forth above, the parties' Joint Motion for Settlement Approval, (ECF No. 74), is **DENIED WITHOUT PREJUDICE**. Parties may withdraw from the settlement agreement and proceed to trial, or they may proceed with settlement by filing a motion to approve the proposed settlement without the confidentiality provisions. Parties shall have fourteen (14) days from the date of this Order in which to file either a notice of withdrawal or a joint motion for approval of the modified settlement agreement.

**IT IS SO ORDERED**, this 23rd day of August 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE