IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

KATIE VAN BUREN, *et al.*,

   Plaintiffs,

v.                                                                                        Case No. 2:20-cv-02917-MSN-cgc
                                                        JURY DEMAND

HISTORIC IMAGES, INC.,

   Defendant.

---

**ORDER GRANTING AMENDED JOINT MOTION FOR SETTLEMENT APPROVAL**

---

Before the Court is parties' Amended Joint Motion for Settlement Approval, ("Motion," ECF No. 77), filed September 13, 2023. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Katie Van Buren and Bret VanDepolder ("Plaintiffs") initiated this case on December 21, 2020 against Defendant Historic Images, Inc., which is "an internet purveyor of vintage photography. (*See* ECF No. 1 and ECF No. 74-1 at PageID 335.) The following June, Plaintiffs filed an Amended Complaint joining three additional Defendants and alleging that Plaintiffs had not received all minimum wages and overtime compensation due under the Fair Labor Standards Act ("FLSA"). (*See* ECF No. 26.) Defendants filed their respective answers on July 21, 2021. (ECF Nos. 28, 29, 30, and 31.)

On April 13, 2022, Plaintiffs filed an Unopposed Motion to Conditionally Certify Collective Action, Equitably Toll the Statute of Limitations, and Facilitate Notice to Potential

Collective Members (ECF No. 38.)  This Court entered an Order Granting Plaintiffs' Motion the following month.  (ECF No. 39.)  After "extensive written discovery" and an unsuccessful attempt at mediation, parties reached a tentative settlement.  (ECF No. 74-1 at PageID 336.)  On April 10, 2023, Plaintiffs filed a Notice of Settlement, (ECF No. 73), soon followed by a Joint Motion for Settlement Approval ("Joint Motion," ECF No. 74).  In their Joint Motion, parties represented that they had negotiated a resolution of Plaintiffs' FLSA claims and moved the Court to approve their Confidential Settlement Agreement and Release of Claims ("Agreement") (*see* ECF No. 74-4) and dismiss this matter with prejudice.  (ECF No. 74.)

The Court then entered an Order denying the Joint Motion without prejudice because the Settlement Agreement contained a confidentiality provision that is typically not appropriate under FLSA and parties had not attempted to justify its inclusion.  (ECF No. 76 at PageID 369–70.)  The Order gave parties the option of withdrawing from the agreement or filing a new agreement without the confidentiality provision.  (*Id.* at PageID 370.)

On September 13, 2023, parties filed the Motion now before the Court seeking approval of an amended Settlement Agreement.  (ECF No. 77.)  Aside from removal of the confidentiality provision, the only difference between this Agreement and the one previously submitted to the Court "is the timetable for settlement payments, which has been extended by three months."  (*Id.* at PageID 373.)

## STANDARD OF REVIEW

The FLSA imposes a minimum wage and an overtime wage for several categories of employee.  29 U.S.C. §§ 206-07.  To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees.  *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). Several factors inform that determination:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)).

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021).

## **DISCUSSION**

As an initial matter, the parties represent that a bona fide dispute exists as to whether Plaintiffs were independent contractors and thus exempt from the wage and overtime requirements in the FLSA. (ECF No. 77 at PageID 375.) Relatedly, Defendants dispute Plaintiffs' allegations about the number of hours worked and their respective rates of production. (*Id.*) The Court finds the Agreement is thus the product of contested litigation.

Having reviewed the Agreement and the parties' representations of it, the Court also finds that it is fair and reasonable. The Agreement provides a base amount of $1,000 to each Plaintiff and distributes the rest of the common fund (minus attorneys' fees and plaintiff allowance) on a *pro rata* basis in accord with the varying damages alleged by Plaintiffs. (*Id.* at PageID 378.) As discussed, parties do not agree about the number of hours each Plaintiff actually worked, but the discovery thus far has allowed them to reach fair estimates, "giving Plaintiffs the benefit of the doubt." (*Id.*) Ultimately, Plaintiffs will be compensated "for 100% of their alleged back wages for a three-year lookback, plus a substantial portion of the claimed liquidated damages." (*Id.* at PageID 378–79.)

As to the factors set forth above, the Court has no reason to believe the Agreement, which was the result of "arms-length negotiations by experienced counsel," (ECF No. 77 at PageID 376, ECF No. 77-1 at PageID 388), was procured through fraud or collusion. Given the nature of this dispute and the differences between the Plaintiffs, the Court also finds that the Agreement avoids expensive and lengthy litigation. Counsel's representation that they expect to "expend considerable effort and incur sizeable costs" should this matter proceed to trial supports this conclusion. (*See* ECF No. 77 at PageID 376.) In addition, parties have engaged in "thorough" and "complex" discovery such that the Court believes parties are able to adequately gauge the risks

of continuing with litigation in this matter. (*Id.*) As to the fourth factor, the parties do not agree about the merits of Plaintiffs' claims or Defendants' defenses, as Plaintiffs maintain they were employees and Defendants continue to believe they were independent contractors. This factor thus weighs in favor of approving the Agreement. Counsel have expressed that they consider this settlement a fair and reasonable resolution, and as this is an opt-in case, there are no absent class members. Further, settlement is in the public interest. As an initial matter, "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). The result of the Settlement for Plaintiffs also counsels in favor of this factor.

Finally, the Court finds that the proposed attorneys' fees are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Pittman v. Matalco (U.S.), Inc.*, Case No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In determining the reasonableness of attorneys' fees, "[a] district court has discretion to choose between the percentage-of-the-fund method and the lodestar method . . . ." *Baker v. ABC Phones of N.C., Inc.*, No. 19-cv-02378-SHM-tmp, 2021 U.S. Dist. LEXIS 208344, at *11 (W.D. Tenn. Oct. 28, 2021) (citing *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011)). *See also Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515 (6th Cir. 1993). "But even where attorney fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" *Diaz v. Rockland Gardens Assocs.*, No. 22-CV-3281 (KMK), 2023 U.S. Dist. LEXIS 19024, at *10 (S.D.N.Y. Feb. 3, 2023) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)). Here, Plaintiff's counsel seeks $40,000 in attorneys' fees and costs, which "represents less than 30% of the total [settlement amount], a substantial reduction from the contracted amount and less than half of the firm's

lodestar amount." (ECF No. 77 at PageID 379.) To corroborate these assertions, Plaintiffs' Senior Attorney submitted a declaration to the Court detailing, among other things, the total number of hours worked and a Lodestar Report breaking down the hours each attorney spent on this action as well as their hourly rate. (ECF No. 77-3.)

For these reasons, the Court finds the resolution to which parties have agreed fair and reasonable and **APPROVES** the Agreement.

## CONCLUSION

Parties' Amended Joint Motion for Settlement Approval, (ECF No. 77), is **GRANTED**.

**IT IS SO ORDERED**, this 14th day of September 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE